## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

DAN ANGEL                                                               PLAINTIFF

v.                                                  CIVIL ACTION NO. 1:10CV-P188-M

CAPT. JUSTIN BOWMER *et al.*                                  DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Dan Angel,[1] a pretrial detainee currently incarcerated at the Boyle County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, complaining of events occurring during his detention at the Casey County Detention Center ("CCDC"). He names the following CCDC employees as Defendants: Jailer Tommy Miller, Captain Justin Bowmer, Sergeant Roy Keith, Sergeant Becky Smith, and Dr. Charles Townsend. Plaintiff asserts nine claims, which will be discussed in greater detail later in the Memorandum Opinion. Plaintiff seeks $6 million in compensation and the following injunctive relief: for Defendants to offer GED, NA, and AA classes; to stop tampering with mail; to allow reading, religious, and legal materials; to end racial discrimination; to provide better medical treatment; and to follow Department of Corrections' guidelines.

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

---

[1] In the caption of the complaint, Plaintiff indicates that he files this action, not only on his own behalf, but also on behalf of "others." Plaintiff, however, does not have standing to represent the rights of others. *See, e.g., Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause). The Court, therefore, considers Plaintiff Angel as the sole Plaintiff in this action.

# I.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**II.**

As a preliminary matter, Plaintiff fails to indicate in which capacity he sues Defendants. It is the plaintiff's affirmative duty, however, to plead capacity. *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether the defendant has been notified of the potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001). In the present case, the complaint is devoid of any indication that Defendants have been sued in their individual capacities. Thus, absent indication to the contrary, the Court must presume that Defendants are being sued in their official capacities. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991).

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official capacity claims against Defendants, therefore, are actually against Casey County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

**A.      Injunctive relief**

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Because Plaintiff is no longer incarcerated at CCDC, where Defendants are employed, it is clear that he would derive no benefit from granting the requested injunctive relief. His claim for injunctive relief will, therefore, be dismissed.

**B.      Damages**

   **1. Claim One**

Plaintiff alleges that while he was housed at CCDC, Defendants Miller and Bowmer did not allow inmates to have access to legal, religious and other reading materials and did not allow inmates to have all personal hygiene items sold in the commissary. Plaintiff, however, fails to

4

allege that *he* was denied access to reading materials, and even assuming he was denied access, he does not describe the circumstances surrounding any denial, indicate to which reading materials he was denied access, or indicate how this denial violated his rights. He does not allege a complete denial of reading materials, a denial of access to courts, or the inability to practice his religion, if any.

As to the alleged denial of all hygiene items sold in the commissary, an inmate must show that he was deprived of "the minimal civilized measure of life's necessities."[2] *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'") (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Plaintiff does not make this showing.

Accordingly, Claim One must be dismissed for failure to state a claim upon which relief may be granted.

**2. Claim Two**

Plaintiff alleges that Defendants Miller, Bowmer, Keith, and Smith tampered with all incoming and outgoing mail, both legal and personal. As above, Plaintiff does not provide specific facts demonstrating how Defendants allegedly tampered with *his* mail, when, and the circumstances surrounding the alleged tampering. Claim Two is factually insufficient to state a claim upon which relief may be granted.

---

[2] Plaintiff is a pretrial detainee, and strictly speaking, the Eighth Amendment applies only to convicted persons, who are subject to "punishment." *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983). Nevertheless, the Eighth Amendment's protections extend to pretrial detainees through the Fourteenth Amendment's guarantee of substantive due process. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001).

### 3. Claim Three

Plaintiff additionally alleges that Defendant Dr. Townsend failed to provide proper medical treatment "by not providing extra mats for people with back problems. And not letting inmates have medication they have been on for years." Plaintiff does not complain of back problems, the need for an extra mat, or that he has been denied medication. He has not sufficiently pled any deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Dismissal of Claim Three, therefore, is warranted.

### 4. Claim Four

Fourth, Plaintiff contends that Defendants Miller and Bowmer allowed overcrowding in the jail, thereby creating an unsafe environment for inmates and staff. Overcrowding is not itself a violation of the Constitution. *See Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981). While increased violence among inmates due to overcrowding may state a constitutional claim given the circumstances, Plaintiff merely claims that the overcrowding caused an "unsafe environment" and fails to allege any harm as a result. Plaintiff's allegation is broad and conclusory and fails to state a claim upon which relief may be granted.

### 5. Claim Five

Plaintiff claims that Defendants Miller and Bowmer are not allowing county inmates access to GED, AA, and NA programs. The Constitution, however, does not mandate educational and rehabilitative programs. *See Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2010) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."). Claim Five must be dismissed as well.

### 6. Claim Six

Sixth, Plaintiff asserts that Defendants Miller, Bowmer, Keith, and Smith are not following federal and state guidelines and not abiding by inmate rights. Failure to follow guidelines does not, by itself, rise to the level of a federal constitutional violation. Claim Six also fails to state a claim upon which relief may be granted.

### 7. Claim Seven

Plaintiff claims that Defendants Miller, Bowmer, Keith, and Smith did not allow inmates to call their lawyers for free. Plaintiff does not describe any circumstances demonstrating that he was denied access to court as a result of this policy or demonstrating how this purported restriction infringed upon his right to counsel, as he does not allege that he could not make collect calls, write letters to or have contact visitation with his counsel, or any was in any other way prohibited from contacting counsel. Plaintiff fails to state a claim upon which relief may be granted in this regard, warranting dismissal of Claim Seven.

### 8. Claim Eight

Plaintiff also claims, "Illegal search of property!" He describes no facts related to this claim. Therefore, Claim Eight must be dismissed.

### 9. Claim Nine

Finally, Plaintiff alleges that the jail engages in racial discrimination by not hiring minorities. Because Plaintiff fails to indicate how this practice personally affected him while incarcerated at CCDC, he has no standing to pursue this claim, and it will be dismissed.

For all the reasons set forth more fully above, the Court will dismiss this action by separate Order entered this date.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Casey County Attorney
4414.005